FILED
2017 Sep-13  PM 01:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **ERIC L. BRYANT** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:17-cv-_____** |
| | ) | |
| **CHARLES BRACKEN** | ) | |
| **LOADER;** | ) | |
| **MCLEOD EXPRESS LLC; AND** | ) | |
| **GEICO INSURANCE** | ) | |
| **COMPANY** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

COME NOW Defendants, McLeod Express, LLC and Charles Bracken Loader (collectively referred to herein as "Defendants"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of the above-captioned matter from the Circuit Court of DeKalb County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division. In support thereof, Defendants show unto the Court the following:

## I.     PROCEDURAL BACKGROUND

1.      This case was filed by Plaintiff Eric L. Bryant on August 9, 2017, in the Circuit Court of DeKalb County, Alabama, civil action number: CV-2017-900190.00.

2.      Pursuant to 28 U.S.C. § 1446(a), a complete copy of the lawsuit along with all pleadings filed in this action to date are attached hereto as Exhibit "A" and are incorporated by reference herein.

3.      McLeod Express, LLC ("McLeod Express") was served with the summons and complaint via certified mail on August 14, 2017. Charles Loader ("Loader") was served with the summons and complaint via certified mail on August 16, 2017. (See Exhibit "A", and copies of Service of Process Transmittals, within Exhibit "A").

4.      This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Middle Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

5.      This Notice of Removal has been timely filed within thirty (30) days from the date in which these Defendants were served with the summons and Complaint. 28 U.S.C. § 1446(b).

6.      As of yet, no proceedings have occurred in the Circuit Court of

DeKalb County, Alabama. Defendants have not answered the Complaint and the Defendants reserve the right to assert any and all defenses to the Complaint under applicable federal and state law.

7.      Contemporaneous with the filing of this Notice, Defendants are filing a copy with the Clerk of the Circuit Court of DeKalb County, Alabama, as required by 28 U.S.C. § 1446(d).

8.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 -- diversity jurisdiction.

## II.   DIVERSITY OF THE PARTIES

### A.   The Plaintiff

9.      Upon information and belief, and as pled in the Complaint, the Plaintiff is a resident of DeKalb County, Alabama. (Complaint ¶ 1; Exhibit A). Thus, Plaintiff is a citizen of the state of Alabama.

### B.   The Removing Defendants

10.     McLeod Express is a limited liability company organized under the laws of the State of Indiana. (Complaint ¶ 3; Exhibit A). McLeod Express has its

principal place of business located in Decatur, Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), McLeod Express is not a citizen of Alabama.

11.    Charles Loader is a resident of the State of Tennessee and domiciled in Smithville, Tennessee. (Complaint ¶ 2; Exhibit A).

### C.    The Consenting Defendant

12.    At all times referred to in the Complaint, Defendant Geico Insurance Company is a foreign corporation domiciled in the State of Maryland with its principal place of business located in Fredericksburg, Virginia. Defendant Geico Insurance Company consents to this removal. (See Consent to Removal, attached hereto as "Exhibit B").

### D.    Fictitious Defendants

13.    The Plaintiff's Complaint purports to join as defendants certain undefined "fictitious" parties and/or entities. Pursuant to 28 U.S.C. § 1441(a), citizenship of the fictitious defendants should be ignored for the purposes of removal.

## III.   AMOUNT IN CONTROVERSY

14.    In order to be removable, the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

15.    This personal injury action fails to cite a sum certain dollar figure which Plaintiffs are seeking.  "When the Complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  A Defendant must establish the jurisdictional amount by a preponderance of the evidence. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007).

16.    The Eleventh Circuit has explained the analysis a District Court may undertake in order to determine whether the Complaint satisfies the defendant's jurisdictional burden:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.
> …
>
> Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations'

> from the pleadings to determine whether it is facially apparent that a
> case is removable. Put simply, a district court need not "suspend reality
> or shelve common sense in determining whether the face of a complaint
> ... establishes the jurisdictional amount

*Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061(11th Cir. 2010).

17.   When reviewing the face of the Complaint, the court must consider punitive damages unless it is apparent to a legal certainty that such cannot be recovered. *See, e.g., Holley Equip. co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Likewise, courts have taken into consideration plaintiff's allegation that his injuries alleged are permanent. *See, e.g., Sanderson v. Daimler Chrysler Motor Corp.*, 2007 WL 2988222 (S.D. Ala. 2007).

18.   A court's analysis of the amount in controversy requirement focuses on how much is in controversy at the time of removal. *Pretka*, 608 F.3d at 751.  The Plaintiff's likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover. *Id.*

19.   Courts are to use their "judicial experience and common sense" in determining whether the amount in controversy exceeds $75,000. *Roe v. Michelin North America, Inc.,* 637 F. Supp. 2d 995, 1002 (2009) *citing Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009).

20.    Here, Plaintiff's Complaint asserts claims for negligence and wantonness against all Defendants and demands compensatory *and* punitive damages. (See Complaint; Exhibit A). Defendants aver that Plaintiff claims damages for personal injury, lost wages, pain and suffering, and property damage as a result of the accident in question.

21.    Based on the allegations and alleged injuries set out in Plaintiff's Complaint, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

## IV.    CONCLUSION

22.    The Defendants have satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

23.    Defendants hereby request a trial by struck jury.

WHEREFORE, PREMISES CONSIDERED, the Defendants, McLeod Express, LLC and Charles B. Loader, pray that the above-entitled cause be removed to the United States District Court for the Northern District of Alabama, Middle Division.

Done this **13th** day of **September, 2017**.

Respectfully submitted,

Stewart W. McCloud (ASB-9565-A50M)
James R. Shaw (ASB-7523-H49J)
**_Attorneys for Defendants McLeod Express,_**
**_LLC and Charles B. Loader_**

OF COUNSEL
Huie, Fernambucq, Stewart, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, Alabama 35223
Telephone: 205.251.1193
smccloud@huielaw.com
jshaw@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys registered and/or I have placed a copy of the foregoing to the attorneys along with those not set up for email notification in the United States Mail, postage prepaid and properly addressed, on this the **13th** day of **September, 2017**:

Thomas H. Young
Stephen K. Wollstein
Young, Wollstein, Jackson & Whittington, LLC
P.O. Box 2065
Anniston, Alabama 36202
*Attorneys for Plaintiff*


Ellen M. Melson
7027 Old Madison Pike NW
Suite 108
Huntsville, AL 35806-2369
*Attorney for Geico Insurance Company*


OF COUNSEL